IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 4:04CR3144 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **TENTATIVE** |
| ) | **FINDINGS** |
| MATTHEW C. ZEIGER, ) | |
| ) | |
| Defendant. ) | |

    I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's objection and downward departure motion (filing 32).

    IT IS ORDERED that:

    (1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

    (2)    The defendant's objection to drug quantity and criminal history (filing 32 part 1) and motion for departure and deviation (filing 32 part 2) premised upon the defendant's service as a guardian for his disabled brother and post-offense rehabilitation will be resolved at a one-hour evidentiary hearing with sentencing to

follow.[1]

(3) The defendant's evidentiary hearing and sentencing are rescheduled to Thursday, November 17, 2005, from 4:30-5:30 p.m., before the undersigned United States District Judge, in Courtroom No. 1, United States Courthouse and Federal Building, 100 Centennial Mall North, Lincoln, Nebraska. Since this is a criminal case, the defendant shall be present unless excused by the court.

(4) The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(5) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(6) Absent submission of the information required by paragraph 5 of this order, my tentative findings may become final.

(7) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

---

[1]While I do not prejudge this matter, I am very doubtful that I will depart or deviate because of the disability of the defendant's adult brother and the defendant's guardianship of his brother. Many disabled people have guardians who are not relatives. At this point, I see little reason to think that a third-party guardianship would significantly harm the defendant's disabled brother. Thus, the defendant is advised to make plans now to insure that his brother is cared for given the likelihood of defendant's incarceration.

November 2, 2005.                  BY THE COURT:

                                               s/ *Richard G. Kopf*
                                               United States District Judge